IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                        CRIMINAL NO. 2:19-00209

**BRANDI MARTIN**

MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to reduce her sentence based upon a reduction in the applicable sentencing guideline.  See ECF No. 107.  On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.  Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the

term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Martin argues that she qualifies to receive a reduction for status points. The United States Probation Office reviewed Martin's file to see if she was eligible for a sentence reduction and, by a Retroactive Sentencing Addendum dated January 23, 2024, determined that she was not. See ECF No. 108 (SEALED). According to the Probation Office, although Martin had three criminal history points, she did not receive any criminal history points for "status". Nor, obviously, is she a "zero-point" offender.

Having reviewed the record in this case, the court agrees with the Probation Office that Martin is ineligible for a sentence reduction because she did not receive status points nor is she a Zero-Point Offender. Therefore, her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United

2

States Attorney, and the United States Probation Office.

**IT IS SO ORDERED** this 29th day of October, 2024.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge

3